IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| VESS HAWES | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. TMD 11-2872 |
| | ) | |
| CAROLYN COLVIN,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
|     Defendant. | ) | |

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Vess Hawes ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C.§§ 401-433. Before the Court are Plaintiff's Motion for Summary Judgment (Pl.'s Mot. Summ., ECF No. 13), Defendant's Motion for Summary Judgment (Def.'s Mot. Summ., ECF No. 16), and Plaintiff's Response (Pl's Resp., ECF No. 18). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Defendant's Motion for Summary Judgment is GRANTED.

I. Procedural History

Plaintiff protectively filed her application for DIB on February 6, 2009 alleging disability

---

[1]    Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this lawsuit.

since January 1, 2000 on the basis of aneurysm and high blood pressure. R. at 156-57, 174, 181. Her earnings record demonstrated that she had acquired enough quarters to remain insured through March 31, 2002. Therefore, to be eligible for benefits, Plaintiff had to prove disability at some point prior to her date last insured. Her claim was denied initially and on reconsideration. R. at 96-98, 104-05. On September 16, 2010, a hearing was held before an administrative law judge ("ALJ"). R. at 29-76. In a decision dated December 10, 2010, the ALJ denied Plaintiff's request for benefits. R. at 16-24. The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review. R. at 1-4.

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claim for DIB using the sequential process set forth in 20 C.F.R. § 404.1520, § 416.920. At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: status post aneurysm (cognitive, memory and physical) and hypertension. At step three, the ALJ found that her impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that, given her Residual Functional Capacity ("RFC") Plaintiff was not capable of performing her past relevant work. At step five, the ALJ concluded that Claimant was capable of performing jobs that existed in significant numbers in the national economy. Accordingly, he concluded that Claimant was not disabled. R. at 16-24.

## III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the

Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

## IV. Discussion

Plaintiff argues that the ALJ (1) failed to evaluate Plaintiff's mental impairment under the appropriate listing; and (2) failed in evaluating the opinion of the consultative examiner.

### A. Listing 12.02

Plaintiff argues that while the ALJ specifically considered Listings 12.04 (affective disorders) and 12.06 (anxiety related disorders), he failed to evaluate her mental condition under Listing 12.02 (organic mental disorders). She argues that under *Cook v. Heckler*, 783 F.2d 1168, 1172-73 (4th Cir. 1986), the ALJ was required to identify Listing 12.02 and compare each of the listed criteria to the evidence of Claimant's symptoms. Plaintiff argues that there

was "ample evidence" in the record to trigger that duty. As is well-established, Plaintiff carries the burden to establish that her impairment is disabling at Step 3 of the sequential evaluation. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

In order to meet Listing 12.02, the claimant must meet the requirements in either both "paragraph A" and "paragraph B" or "paragraph C" alone.[2] 20 C.F.R. § 404, Subpart P, Appendix 1. To satisfy the "paragraph A" criteria, the claimant must show demonstration of a loss of specific cognitive abilities or affective changes with medically documented persistence of at least one of a number of enumerated areas including memory impairment. *Id.* To satisfy the "paragraph B" criteria, the claimant must show at least two of the following criteria: marked restriction of activities of daily living, marked difficulties in maintaining social functioning, marked difficulties in maintaining concentration, persistence, or pace, or repeated episodes of decompensation of extended duration. *Id.* Where a "marked" level is required, it means more than moderate but less than extreme. *Id.*

The ALJ found that Claimant did not satisfy the "paragraph B" requirements because her mental impairments did not result in marked limitations or in repeated episodes of decompensation. R. at 19-20. The ALJ found that Claimant had no restriction in activities of daily living or social functioning but that Claimant had moderate difficulties in concentration, persistence or pace. R. at 19. Moreover, the ALJ found that Claimant experienced no episodes of decompensation of extended duration. *Id.* As a result, the B criteria were not satisfied.

---

[2] The ALJ did not discuss the C criteria not is there any credible argument Plaintiff could have met it.

First, the record demonstrates that Plaintiff suffered an aneurysm in September, 2001 which was accompanied by severe cognitive deficits. R. at 19. However, while Claimant continued to experience deficits in cognitive functioning, the record clearly demonstrates improvement over time. R. at 352, 359, 374, 379, 432, 632, 634, 646, 649, 650.[3] Significantly, the ALJ points out that from November, 2001 through June, 2008, there is no mention of memory loss in the record. R. at 21, 663-757.

In any event, although the ALJ did not specifically reference Listing 12.02 and even assuming that failure was an error, any error was harmless as the analysis set forth by the ALJ in his opinion would expressly foreclose a finding that Plaintiff met Listing 12.02. Listing 12.02 has the same "B criteria" as Listings 12.04 and 12.06 which, as Plaintiff recognizes, were considered by the ALJ. Because the B criteria must be met, the ALJ's analysis forecloses a finding that Plaintiff met listing 12.02. *See Bettis v. Astrue*. Civil No. SKG–12–826, 2013 WL 1209408 at * 9 (D. Md. Mar. 22, 2013) (" However, this failure was harmless. The ALJ specifically found that Ms. Bettis did not meet "paragraph B" or "paragraph C" criteria under 12.04. Finding that Ms. Bettis did not meet these criteria under 12.04 is equivalent to finding that Ms. Bettis did not meet these criteria under Listings 12.06, as the criteria are identical."); *see also Bloom v. Astrue,* No. SKG–08–0827, 2009 WL 2449877, at *19 n. 18 (D.Md. Aug. 7, 2009) (determining that a finding that the claimant failed to meet Listing 12.04 was "tantamount to a finding that [claimant] did not meet Listing 12.02.").

---

[3] Plaintiff takes issue with the Commissioner's characterization of her improvement as "significant" and notes that the ALJ did, in fact, find that Plaintiff continued to suffer from cognitive defects. The Court

In its Response, Plaintiff seems to switch gears and argues for remand not only based simply on the ALJ's failure to discuss Listing 12.02 but that Plaintiff does meet the B criteria discussed above. She points primarily to the mental status examination conducted by Dr. Hugh Gregory on November 2, 2001 in which he found Plaintiff suffered from marked restriction of activities of daily living, marked difficulties in maintaining social functioning and constant difficulties maintaining concentration, persistence and pace. R. at 532. He opined that her condition would last for greater than twelve months and that she would be unable to work from September 20, 2001 through September 20, 2002. While this would support a finding in favor of the B criteria, the ALJ specifically discussed Dr. Gregory's findings and rejected that her condition was expected to last until September, 20, 2002. Specifically, he rejected the findings that Claimant had marked restriction in activities of daily living, maintaining social functioning and difficulties maintaining concentration, persistence and pace. R. at 22. He based that rejection on the evidence discussed above including his finding that Claimant's condition had improved by November 2001 and that recovery was optimistic, that she cared for her niece's children from 2003-2005 for four to eight hours per day and that she was able to read and understand magazines from 2002-2008. Significantly, he noted the absence of complaints of cognitive or memory loss in the treatment notes from November 15, 2001 through June 12, 2008. The Court finds that the record supports the ALJ's reasoning, and that this constitutes

---

acknowledges such but that fact does not change the analysis above as the ALJ clearly accounted for her cognitive impairment in his RFC.

substantial evidence supporting his decision to reject the extreme limitations noted by Dr. Gregory.

   B.   Dr. Sara C. Philips

Subsequent to the hearing and pursuant to Plaintiff's request for a consultative examination, the ALJ entered into the record a Psychological Report from Sara C. Philips, Ph.D. R. at 840-48. Dr. Philips examined Claimant on October 21, 2010 to assess Claimant's short-term memory loss, anxiety attacks, aneurysm and shunts in her head. R. at 840. She found Claimant to suffer from mild mental retardation to low borderline range intelligence. *Id*. at 841. She further found her to suffer from significant memory impairment and diagnosed her with Cognitive Disorder (NOS), and Anxiety Disorder NOS. R. at 843. Dr. Philips also completed a Medical Source Statement of Ability to Do Work-Related Activities (Mental) in which she indicated Claimant suffered from marked limitations in her ability to understand, remember and carry out instructions as well as her ability to interact appropriately with co-workers and the public as well as respond to changes in the work setting. *Id*. at 846-97. She based these findings on Claimant's anxiety attacks. *Id*. at 847. She opined that these limitations were present "at least since 2000."

Plaintiff argues that Dr. Philip's report supports the conclusion that she meets Listing 12.02. In addressing her report, the ALJ found that the descriptions represented an accurate depiction of Claimant's then current psychological condition. Implicitly, the ALJ found that it was not representative of Claimant's condition during the relevant time period from January 1, 2000 through March 31, 2002. The ALJ specifically noted that it was not until 2008 that

7

Plaintiff's experienced a marked decrease in cognitive functioning and memory. R. at 22; *see, e.g.* R. at 812 (treatment notes dated March 2009 discussing recent onset of perceived memory problems). It is clear to the Court that the ALJ's rejection of Dr. Philip's opinion as to onset is supported by substantial evidence. Again, as discussed above, there is an absence of evidence after 2001 evidencing complaints, testing or other indications that Plaintiff suffered from significant memory loss. Critically, Plaintiff must prove she was disabled prior to March 31, 2002 , her date last insured. R. at 20. The ALJ did acknowledge that Plaintiff experienced cognitive and memory impairments and took them into account in his RFC limiting her to jobs consisting of unskilled, routine and repetitive tasks. R. at 20, 650 (November 2001 notes indicating mild to moderate cognitive problems); 627 (January, 2002 progress notes demonstrating progress towards goals, scored 1005 on an analysis task, cognitive integration skills are "much improved", patient "doing well"). In November, 2002, treatment notes indicate Claimant was neurologically within normal limits and there was no mention of impaired memory. R. at 703. The Court agrees with the Commissioner that while Plaintiff may have been seen by medical professionals from 2002 through 2008, the complaints were relatively minor in nature and did not focus on persisting problems in memory loss. Def.'s Mot. Summ., ECF No. 16 at 12; R. at 40 (transcript of administrative hearing in which Plaintiff's counsel acknowledged that he did not "see anything specifically in the record" pertaining to memory loss or anything like that); R. at 46 (Plaintiff testimony that she took care of children on a regular basis from approximately 2003-2005). The Court finds the ALJ's analysis of Dr. Philips' opinion is supported by substantial evidence.

V. Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. A separate order shall issue.

Date: June 17, 2013                    _____/s/_____
                                       THOMAS M. DIGIROLAMO
                                       United States Magistrate Judge